## KIRBYVILLE STATE BANK v. WRIGHT et al. (No. 1376.)

(Court of Civil Appeals of Texas. Beaumont. May 8, 1926.)

**1. Appeal and error ⟠719(1).**

Appellant's contentions which are not supported by assignments of error in the record cannot be considered.

**2. Appeal and error ⟠281(1), 753(2).**

Where no motion for new trial nor independent assignment of error was filed and judgment has support in pleadings and evidence and no fundamental error is apparent on face of record, judgment will be affirmed.

Appeal from District Court, Jasper County; V. H. Stark, Judge.

Action by the Kirbyville State Bank against W. J. Wright and others. From the judgment, plaintiff appeals. Affirmed.

Smith & Lanier, of Jasper, for appellant.

Mooney, Adams & Hamilton, of Jasper, for appellees.

HIGHTOWER, C. J. This suit was filed by the appellant, Kirbyville State Bank, against the appellees, W. J. Wright, E. N. Runnels, Jasper State Bank, and People's State Bank on two promissory notes executed by Wright and Runnels, and to foreclose a mortgage on 250 head of stock cattle, which was executed to secure the payment of the notes. The Jasper State Bank and People's State Bank were made parties defendant by the plaintiff because they also held mortgages on the cattle that were covered by the mortgage sought to be foreclosed by appellant. The Jasper State Bank and the People's State Bank each held the promissory notes of defendant Wright, and each prayed for recovery on his notes and for foreclosure of their mortgage. The mortgage held by appellant was prior in date to those held by the People's State Bank and the Jasper State Bank, but had not been filed for record at the time the Jasper State Bank and the People's State Bank took their mortgages, and the trial court, before whom the case was tried without a jury, found as a fact that the Jasper State Bank and the People's State Bank had neither actual knowledge nor con-

structive notice of appellant's mortgage at the time the Jasper State Bank and People's State Bank took their mortgages. The court rendered judgment in favor of appellant for the amount sued for by it, and also rendered judgment in favor of the Jasper State Bank and the People's State Bank for the amounts sued for by them, and foreclosed the mortgage held by each bank, but gave priority to the People's State Bank and the Jasper State Bank against appellant, and from that judgment this appeal is prosecuted.

[1, 2] It is appellant's contention that the court was in error in giving the mortgages held by the Jasper State Bank and the People's State Bank priority over that of appellant. This contention is advanced by two propositions in appellant's brief, but upon an inspection of the record we find that there is no assignment of error to which these propositions relate. Therefore appellant's contention cannot be considered. No motion for new trial was filed and no independent assignments of error were filed, in so far as disclosed by this record.

The judgment has support in the pleadings and evidence, and, there being no fundamental error apparent on the face of the record, the judgment should be affirmed, and it has been so ordered.